UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOREN L LEISER,

        Plaintiff,

    v.                                                  Case No. 20-cv-0123-bhl

KIRA LABBY, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Loren Leiser, who is serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 4, 2020, the Court screened Leiser's amended complaint and allowed him to proceed on Eighth Amendment deliberate indifference claims. Dkt. No. 11. On February 15, 2021, Defendant Darlene Wilkey filed a motion for summary judgment on the ground that Leiser failed to exhaust the available administrative remedies on his claim against her.[1] Dkt. No. 66. The Court will grant her motion for the reasons explained below.

## BACKGROUND

The Court allowed Leiser to proceed on a deliberate indifference claim against Wilkey based on allegations that, as a member of the Special Needs Committee, she denied his request for "medical appliances," which prolonged his pain and exacerbated his condition. Dkt. No. 11 at 5-

---

[1] Contrary to Civil L.R. 56(b)(1)(C), Wilkey's summary judgment motion did not include a separate statement of proposed material facts as to which she contends there is no genuine issue and that entitle her to a judgment as a matter of law. While her failure to comply with this requirement would be sufficient grounds for the outright denial of the motion—**an outcome the Court will entertain in the future**—for purposes of the present motion, the Court will exercise its discretion and address the motion on the merits.

6. Although it was unclear when the Court screened Leiser's amended complaint what "medical appliances" Leiser had allegedly been denied, the parties have clarified that Leiser was complaining about the denial of a thick mattress. Dkt. No. 67 at 6; Dkt. No. 78 at 1. In response to Wilkey's assertion that Leiser failed to exhaust the available administrative remedies in connection with this claim, Leiser states that, "[o]n January 7, 2019, [he] submitted a written inmate complaint #RGCI-2019-492…, [c]omplaining [he] was denied a medical mattress a/k/a/ "THICK MATTRESS" Medical Appliance." Dkt. No. 78 at 1. Wilkey notes that the inmate complaint Leiser relies on was rejected as untimely for being filed "[b]eyond [the] 14 calendar day limit" and that Leiser never appealed the rejection. Dkt. No. 81 at 5-6; Dkt. No. 82-1 at 2-3.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) applies to this case because Leiser was a prisoner when he filed his complaint. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies

2

must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code ch. DOC 310. Under §DOC 310.07(2), an inmate must "file a complaint within 14 calendar days after the occurrence giving rise to the complaint…." Under §DOC 310.10(6)(e), an institution complaint examiner may reject an inmate complaint if it is filed more than fourteen days after the date of the occurrence giving rise to the complaint and the inmate fails to provide good cause for the institution complaint examiner to extend the time limit. If an inmate complaint is rejected, the inmate has ten days to appeal the rejection. Wis. Admin. Code §DOC 310.10(10).

Leiser asserts that he filed a single inmate complaint regarding the Special Needs Committee's denial of his request for a thick mattress. The evidence shows that this inmate complaint was rejected because it was not timely filed and that Leiser did not appeal the rejection as required by the administrative rules. Because Leiser failed to "properly take each step within the administrative process" he "has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo*, 286 F.3d at 1024. Because Wilkey is entitled to summary judgment on this basis, the Court need not address her other arguments.

## CONCLUSION

For these reasons, Defendant Darlene Wilkey's motion for summary judgment on exhaustion grounds (Dkt. No. 66) is **GRANTED** and Leiser's claim against Wilkey is

**DISMISSED without prejudice** based on his failure to exhaust the available administrative remedies.

Dated at Milwaukee, Wisconsin this 10th day of May, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge