UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LOREN L. LEISER,

                Plaintiff,

v.                                                                                    Case No. 20-cv-0123-bhl

KIRA LABBY, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Loren Leiser is representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to his back pain. Dkt. No. 11. Leiser alleges he injured his back in December 2017 while shoveling snow and had back surgery in November 2018. He asserts that Defendants improperly delayed the surgery and failed to provide him with adequate pain relief and accommodations such as a low-bunk restriction and medical mattress. Leiser filed his complaint on January 27, 2020.

On April 23, 2021, Leiser filed a motion for preliminary injunction. Dkt. No. 80. He asks the Court "to issue a preliminary injunction against defendants' persistent delay (since December 02, 2019) in authorizing the urgent total hip replacement surgery that the orthopedic surgeon (Dr. Eric Nelson M.D., Waupun Memorial Hospital) has diagnosed and is waiting to perform such surgery, since July 14, 2020 (*nine months ago*)." *Id.* at 1.

According to the exhibits Leiser attaches to his motion, on July 14, 2020, Dr. Nelson noted that Leiser's "right hip shows bone-to-bone degenerative change along with some erosive collapse

of the femoral head." Dkt. No. 80-1 at 5. His "strong recommendation [was] for right total hip replacement." *Id.* About a week after Dr. Nelson's recommendation, Defendant Dr. Kira Labby requested authorization for the surgery, but her request was not approved by the Director. Dkt. No. 80-1 at 6. In denying the request, the Director noted that Leiser "needs to bring down BMI, and off prednisone. ANd [sic] talk with ortho about doing surgery with BMI of 40." *Id.* On August 24, 2020, Dr. Nelson opined, "This BMI of 40 doesn't take the operation off the table, in my opinion…. In my opinion, the operation is still in his best interest, his elevated BMI notwithstanding…. I agree that Prednisone should be stopped prior to surgery, but that is usually a solvable problem." Dkt. No. 80-1 at 44. According to Leiser, he is in severe pain and his surgery has still not been approved, let alone scheduled.

To obtain preliminary injunctive relief, a plaintiff must show that 1) his underlying case has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If a plaintiff shows those three factors, the Court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Finally, and most importantly for purposes of deciding Leiser's motion, a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in the underlying complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted).

Leiser's request for injunctive relief must be denied because it is unrelated to the claims and conduct that are the subject of this lawsuit. This case is premised on allegations of back pain and defendants' alleged deliberate indifference to that pain. Leiser's motion, on the other hand, concerns a hip malady and Dr. Labby's alleged refusal to comply with Dr. Nelson's "strong" recommendation that Leiser have hip replacement surgery. The recommendation at issue was not even made until six months after Leiser initiated this case. Accordingly, the allegations in Leiser's motion cannot provide the basis for a preliminary injunction in this lawsuit. If Leiser wants to pursue unrelated claims against institution staff, he must do so in a separate case. The Court reminds Leiser that, under 42 U.S.C. §1997e(a), a prisoner must exhaust the available administrative remedies prior to initiating a lawsuit.

**IT IS THEREFORE ORDERED** that Leiser's motion for preliminary injunction (Dkt. No. 80) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of May, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge