UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

LOREN L. LEISER,

                Plaintiff,

v.                                    Case No. 20-cv-0123-bhl

KIRA LABBY, et al.,

                Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

      Plaintiff Loren Leiser is representing himself in this 42 U.S.C. §1983 action. On September 16, 2021, Defendants filed a motion for summary judgment. Dkt. No. 107. On October 13, 2021, Leiser filed a motion for sanctions. Dkt. No. 125. He asserts that, on September 24, 2021, he was called to the mailroom to pick up Defendants' summary judgment materials. Defendant Todd Zamzow was allegedly handing out legal mail. Leiser noticed that the two envelopes from Defendants' counsel had been opened despite a Department of Corrections' policy that requires all legal mail to be opened in the inmate's presence. Leiser asserts that Zamzow told him that Warden Daniel Cromwell, Deputy Warden Barber, and Security Director Congdon (none of whom are a defendant) had opened the mail. Leiser asserts that he discovered the summary judgment papers were out of order and that it took him more than three hours to put them back in order. Leiser also notes that several Defendants failed to file declarations in support of their summary judgment motion.

      The Court will deny Leiser's motion for sanctions. First, as Defendants point out, the opening of publicly filed legal documents is outside the scope of this case, which focuses on Defendants' alleged deliberate indifference to Leiser's serious medical needs. To the extent Leiser believes his First Amendment rights have been violated, he may raise that claim in a separate case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits. . .").

Next, while the Court understands Leiser's frustration at having to reorder the summary judgment materials, Leiser has provided no evidence supporting a conclusion that any Defendant was involved in opening his mail or shuffling the materials. Leiser speculates that the warden, deputy warden, and security director were working with Defendants and could have shown Defendants the filed materials, but doing so did not prejudice Leiser or impede his access to the Court. Defendants' counsel could have (and likely did) show Defendants the materials and, in any event, the materials are publicly available on the Court's docket for anyone to review. As such, apart from the limited inconvenience of having to reorder the documents, Leiser fails to show that he suffered any harm from these materials being reviewed outside his presence. Given that Leiser has failed to provide evidence that Defendants were involved or that he suffered any prejudice as a result of the alleged misconduct, the Court will deny his motion.

Finally, Leiser points out that several Defendants failed to file a declaration in support of their summary judgment motion. To the extent Leiser believes a particular Defendant has failed to provide evidence supporting a proposed material fact, he can raise that argument in his response materials. Failing to provide adequate evidentiary support is not grounds for sanctioning a party.

**IT IS THEREFORE ORDERED** that Leiser's motion for sanctions (Dkt. No. 125) is **DENIED**.

Dated at Milwaukee, Wisconsin on November 18, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge