UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

LOREN L. LEISER,

                              Plaintiff,

     v.                                                                                               Case No. 20-cv-0123-bhl

KIRA LABBY, et al.,

                              Defendants.
_____

## DECISION AND ORDER
_____

        Plaintiff Loren Leiser, who is incarcerated at Redgranite Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On March 30, 2022, the Court denied in part and granted in part Defendants' motion for summary judgment. The Court has delayed setting a trial date for the surviving claims while it makes efforts to recruit a volunteer lawyer to represent Leiser. On April 13, 2022, Lesier renewed his previously denied motion for a preliminary injunction because he "won summary judg[ment] against [Defendant] Dr. [Kira] Labby." He asks the Court to order Dr. Labby "to submit the Class II emergency order to have [him] sent to Waupun Memorial Hospital to have immediate hip replacement; right prosthetic knee revision to relieve this severe infliction of wanton pain and suffering." Dkt. No. 145.

        The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*,

682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683.

As noted, this is the second time Leiser has sought injunctive relief. On August 2, 2021, the Court held an evidentiary hearing during which Dr. Labby described the care Leiser had received for his hip pain as well as the prerequisites to surgery that, for his safety, she has determined he must satisfy before she will recommend total hip replacement surgery. Based on her testimony and other evidence presented at the hearing, the Court concluded that the record did not support a finding that Dr. Labby is deliberately indifferent to Leiser's hip pain because she is requiring that he meet defined prerequisites prior to her recommending surgery. The Court therefore denied his motion for injunctive relief, explaining that he failed to show a reasonable likelihood of success on the merits. *See* Dkt. No. 104.

Leiser now renews his request that the Court "immediately" order Dr. Labby to recommend hip replacement surgery. He argues that the Court must grant his renewed motion because he "won" at summary judgment. But Leiser did not "win" at summary judgment; he merely survived Defendants' effort to have his claims dismissed on summary judgment. His case is allowed to continue because the Court identified questions of material fact that must be decided by a jury. But, contrary to Leiser's assertion, the mere fact that questions of material fact have been identified does not make it more likely that he will succeed on the merits of his claim.

Further, it has long been held that a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)

2

Case 2:20-cv-00123-BHL   Filed 05/27/22   Page 2 of 3   Document 148

(citations omitted)); *see Blackshear v. Amin*, No. 18-cv-853, 2019 WL 1320318, *1 (E.D. Wis. March 22, 2019). As Defendants point out, in its summary judgment decision, the Court clarified that treatment decisions made by Dr. Labby after Leiser filed his amended complaint, including any claim that she is interfering with the approval process for a hip replacement, are not properly before the Court. Thus, Leiser's motion must also be dismissed because the relief Leiser seeks is unrelated to the claims remaining in this case.

Finally, the above issues aside, the relief Leiser seeks—that the Court dictate the terms of his medical care—is overly broad and intrusive and therefore violates the PLRA's requirement that preliminary injunctive relief be narrowly drawn. The Supreme Court has repeatedly noted that "prison officials have broad administrative and discretionary authority over the institutions they manage . . . ." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). The contours of prisoner medical care are "the business of prison administrators rather than of the federal courts." *Id.* If Leiser believes staff are acting improperly, he may continue to raise his concerns with the institution by filing inmate complaints. If he is unable to resolve his concerns at the institution level, he may pursue litigation in a separate case. But the Court will not interfere with prison healthcare providers' day-to-day management of their patients' care.

**IT IS THEREFORE ORDERED** that Leiser's second motion for preliminary injunction (Dkt. No. 145) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 27, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge